# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN GONZALEZ,
            Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
            Agency.

DOCKET NUMBER
DC-315H-15-0114-I-1

DATE: April 17, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shawn Gonzalez</u>, Ruther Glen, Virginia, pro se.

<u>Patricia Del Vecchio</u>, Saint Louis, Missouri, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We also FORWARD the appellant's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) to the Washington Regional Office for docketing as a new appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2   The agency appointed the appellant to the position of Area Technician, effective June 8, 2014. Initial Appeal File (IAF), Tab 5 at 11. Her appointment was in the competitive service and was subject to completion of a 1-year initial probationary period beginning on the date of her appointment. *Id*. At the time of her appointment, the appellant did not have prior creditable federal service.[2] *Id*. The agency terminated the appellant during her probationary period, effective October 1, 2014, due to both conduct and performance deficiencies. IAF, Tab 1 at 14-22, Tab 5 at 10.

---

[2] The appellant's appointment Standard Form (SF) 50 indicated that she received 2 years and 4 months of credit towards her scheduled leave for her prior military service. IAF, Tab 5 at 11. However, the SF-50 also stated that her period of military service was permanently creditable only if she completed 1 full year of continuous service with the agency. *Id*. Further, it indicated that her service counting toward career tenure was from June 8, 2014. *Id*.

¶3 The appellant filed this appeal alleging that her termination was for a pre-appointment reason and was based on retaliation for her protected equal employment opportunity (EEO) activity, disability discrimination, and reprisal for whistleblowing. IAF, Tab 4 at 4-5, Tab 6 at 4, Tab 11 at 5-19. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing.[3] IAF, Tab 12, Initial Decision (ID) at 1, 9. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the appellant's petition for review. PFR File, Tab 3. The appellant has replied to the agency's response. PFR File, Tab 4.

The Board lacks jurisdiction over the appellant's termination appeal under 5 C.F.R. § 315.806.

¶4 The appellant argued that she was removed for a pre-appointment reason because the Area Technician position was allegedly "improperly assessed, classified, graded and assigned duties and responsibilities outside of the [r]espondents authority to prescribe," and the agency engaged in "deceptive hiring." IAF, Tab 11 at 6. The administrative judge found that the appellant lacks a statutory right of appeal because she was not an employee within the meaning of 5 U.S.C. § 7511(a). ID at 5. The administrative judge also found that the appellant did not show that she was removed for a pre-appointment reason. ID at 6-7. We agree on both counts.

¶5 An individual is entitled to appeal to the Board under 5 U.S.C. § 7513(d) if she is an "employee" as that term is defined at 5 U.S.C. § 7511(a), which provides, in pertinent part:

> (1) "employee" means—(A) an individual in the competitive service—(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current

---

[3] The appellant sought to disqualify the agency representative. IAF, Tab 7 at 4-5. The administrative judge denied the appellant's request, ID at 3 n.1, and the appellant does not challenge that ruling on review.

> continuous service under other than a temporary appointment limited to 1 year or less . . .

5 U.S.C. § 7511(a)(1)(A).  Probationary employees in the competitive service have a limited right to appeal a termination to the Board under 5 C.F.R. § 315.806.  *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  The Board's jurisdiction over termination appeals under that section is limited to situations in which:  (1) the employee was discriminated against based on her marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805.  *Id*.

¶6        The appellant was a probationary employee in the competitive service and did not complete 1 year of continuous service at the time of her termination.  IAF, Tab 5 at 10-11.  Therefore, her termination is not appealable to the Board because she was not an "employee" within the meaning of 5 U.S.C. § 7511.  The appellant does not allege that her termination was related to marital status discrimination or partisan political reasons.  Further, she was not terminated for pre-appointment reasons because she was removed for performance and conduct deficiencies occurring post-appointment.  *See Walker*, 119 M.S.P.R. 391, ¶ 14 (pre-appointment reasons do not include post-appointment performance or conduct deficiencies).  Therefore, the administrative judge correctly determined that the Board lacks jurisdiction over her termination appeal.

The Board lacks jurisdiction over the appellant's discrimination and retaliation claims.

¶7        The appellant alleges on review and below that her termination was, in part, due to disability discrimination and retaliation for her protected EEO activity.  PFR File, Tab 1 at 5; IAF, Tab 4 at 4-5, Tab 6 at 4, Tab 11 at 12-18.  Further, she argued below that the Board has jurisdiction over her appeal as a "mixed case complaint."  IAF, Tab 4 at 6.  The administrative judge found that the Board lacks jurisdiction over the appellant's discrimination and retaliation claims and that this case is not appealable to the Board as a mixed case.  ID at 7-8.  We agree.

¶8      We find that the Board lacks jurisdiction over the appellant's disability discrimination and retaliation claims because they have been raised in the absence of an otherwise appealable action. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (the Board lacks jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with the Americans with Disabilities Act Amendments Act of 2008 or Equal Employment Opportunity Commission regulations absent an appealable underlying action); *see also McDonnell v. Department of the Navy*, 84 M.S.P.R. 380, ¶ 11 (1999) (in the absence of an otherwise appealable action, the Board lacks jurisdiction to review the appellant's claim of disability discrimination or reprisal for protected EEO activity). In addition, a mixed case arises when an appellant has been subject to an action that is appealable to the Board and she alleges that the action was effected, in whole or in part, because of discrimination. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014). This did not occur here.

The Board lacks jurisdiction over the appellant's whistleblower claim.

¶9      The appellant also alleges on review and below that her termination was, in part, reprisal for whistleblowing. *See* PFR File, Tab 1 at 5; *see also* IAF, Tab 6 at 4, Tab 11 at 12-18. The administrative judge found that the Board has no jurisdiction to consider the appellant's whistleblower reprisal claim. ID at 8-9. We agree.

¶10      To establish jurisdiction over an individual right of action (IRA) appeal, an appellant must prove that she exhausted her administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶11     The appellant indicates that she has not filed a whistleblower complaint with OSC.[4]  *See* PFR File, Tab 1 at 4.  Therefore, the Board has no jurisdiction to consider any of her claims in the context of an IRA appeal because she has not exhausted her administrative remedies before the OSC.

The appellant has not demonstrated due diligence in obtaining the new evidence she provides on review.

¶12     On review, the appellant provided email messages she sent to the State Director regarding her workload and recommendation to improve efficiency and to her supervisor concerning leave.  PFR File, Tab 4 at 8-9.  In addition, she submitted a telework contract allegedly approved by her supervisor, but it is not dated or signed by the appellant or her supervisor.  *Id.* at 10-11.

¶13     Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Because the appellant does not explain why she did not submit the emails and telework contract below, we decline to consider them.

The Board may have jurisdiction over the appellant's USERRA claim.

¶14     For the first time on review, the appellant alleges that the agency discriminated against her and terminated her due to her military service, in violation of USERRA.[5]  PFR File, Tab 1 at 4-6.  Because the Board may have

---

[4] In its November 19, 2014 response to the jurisdictional order, the agency cited the appropriate legal authority to establish Board jurisdiction over an IRA appeal.  IAF, Tab 5 at 5.  The Board has found that, where an agency's submissions are sufficient to place the appellant on notice of the jurisdictional issue, the administrative judge's failure to notify the appellant of the issue, such as in this case, does not prejudice the appellant's substantive rights.  *Collins v. Department of Justice*, 70 M.S.P.R. 334, 338 (1996).

[5] The appellant also argues that the Board has jurisdiction over her appeal under the Veterans Opportunity to Work to Hire Heroes Act of 2011.  PFR File, Tab 1 at 4-6.  However, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has not shown that the Board has

jurisdiction over the appellant's USERRA claim, we FORWARD it to the regional office for processing as a separate appeal.[6] *See Roberson v. U.S. Postal Service*, 77 M.S.P.R. 569, 571 (1998) (individuals who have not completed 1 year of current continuous service in the same or similar positions may file a claim to the Board under USERRA).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The

---

been given jurisdiction to adjudicate appeals under the above-mentioned Act. To the extent that, by this assertion, the appellant may be raising a claim under the Veterans Employment Opportunities Act of 1998, the administrative judge in the USERRA appeal should notify the appellant of her possible rights under that statute.

[6] On review, the appellant requested leave to file an additional pleading regarding her USERRA claim. PFR File, Tab 5 at 4. We deny the appellant's request because we are forwarding the USERRA claim to the regional office for docketing as a separate appeal. She will have an opportunity to submit evidence and argument regarding her USERRA claim once it is docketed in the regional office.

court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants", which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.